IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IVAN JOHNSON,

               Plaintiff,

v.

ROBERT TUCKWELL, PAUL SUMNICHT,
BELINDA SCHRUBBE, CHARLENE REITZ,
JEREMY STANIEC, BENJAMIN HILBERT,
DANIEL BRAEMER, BRYAN UMENTUM,
BONNIE LIND and JERRICA EAGER[1],

               Defendants.

ORDER

12-cv-891-bbc

---

      The Wisconsin Department of Justice has indicated that it will represent the defendant in this case. Pursuant to an informal service agreement between the Department of Justice and this court, the Department has agreed to accept electronic service of documents on behalf of defendants Tuckwell, Sumnicht, Schrubbe, Reitz, Staniec, Hilbert, Braemer, Lind and Eager. Therefore, for the remainder of this lawsuit, plaintiff does not have to send a paper copy of each document he files with the court to the Department. All he has to do is submit the document to the court, and the Department will access the document through the court's electronic filing system[2].

      The Department has not accepted service on behalf of Bryan Umentum, In their Acceptance of Service, the Department says there is not anyone with the name of Bryan Umentum employed with the Wisconsin Department of Corrections.

---

     [1] I have amended the caption to replace Jeremy Stannecc with the name Jeremy Staniec, Daniel Breamer with the name Daniel Braemer, Bonnie Lynn with the name Bonnie Lind and Jerica Eager with the name Jerrica Eager as identified in the Acceptance of Service.

     [2] Discovery requests or responses are an exception to the electronic service rule. Usually, those documents should be sent directly to counsel for the opposing party and do not have to be sent to the court. Discovery procedures will be explained more fully at the preliminary pretrial conference.

Umentum employed with the Wisconsin Department of Corrections.

Pursuant to *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990), it is the plaintiff's responsibility to identify the defendants. If a defendant cannot be identified, he or she cannot be served with plaintiff's complaint. Unless the defendant has notice of the claims against him or her and an opportunity to defend against them, plaintiff cannot recover relief. Therefore, at this stage of the proceedings, I will treat defendant Bryan Umentum as a John Doe defendant whose name plaintiff will have to obtain through discovery. If plaintiff does not identify this defendant within the time set by the United States Magistrate Judge to do so, plaintiff's claim against him will be dismissed without prejudice.

If identity of this defendant is ascertained, the Department will decide whether to accept service on his behalf, and if they do, you will not have to send a paper copy of each document to him. If the Department does not accept service, you will have to send this defendant or his attorney, a paper copy of each document.

ORDER

IT IS ORDERED that the parties treat Bryan Umentum as a John Doe defendant until plaintiff can ascertain his true identity in accordance with a schedule to be set by the United States Magistrate Judge at the preliminary pretrial conference to be held in this case.

Entered this 11th day of February, 2013.

BY THE COURT:

PETER A. OPPENEER
Magistrate Judge

2