IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

IVAN JOHNSON,

                                                  Plaintiff,

v.

ROBERT TUCKWELL, *et al.*,

                                                  Defendants.

ORDER

12-cv-891-bbc
_____

Plaintiff Ivan Johnson is proceeding on his claim that defendants refused to provide him with a special diet or adequate nutrition in violation of the Eighth Amendment. Now before the court is plaintiff's renewed motion to compel discovery.[1] I am denying plaintiff's motion with one exception, as explained below.

First, plaintiff requests medical records regarding the medications he was given from November 14, 2010 to December 30, 2010. Defendants report that they cannot locate these records. This is a sufficient response: a party cannot produce what it does not have. In any event, the loss of records may work to defendants' detriment to the extent defendants would need them to demonstrate that plaintiff actually did receive the treatment he states is lacking. In any case, I note that it is unclear what relevance such medical records would have in this case, where the issue is the provision of the proper diet following nissen fundoplication surgery.

Plaintiff asks for a copy of the prison employee segregation "sign-in log." Defendants state that no such "sign-in" log exists, but they have provided a copy of the "segregation log" for the dates requested, which appears to be the document plaintiff is seeking.

---

[1] The court denied his first motion to compel discovery as premature. Dkt. 25.

Plaintiff seeks documentation showing the DOC's recommendation for the daily caloric intake for an inmate plaintiff's size and age. However, as defendants point out, plaintiff's original discovery request asked for merely the recommendation on caloric intake "per inmate," which defendants understandably viewed as a broad request. They supplied plaintiff with a "calorie calculator worksheet" from the standpoint of a 19-year-old, 156-pound inmate (plaintiff states that he is 41 years old and weighs over 200 pounds), and noted that multiple factors influence caloric needs, such as height, weight, age and activity level. This response doesn't help plaintiff, but it is sufficiently responsive to his vague request. If plaintiff wants more specific information, then he should serve a new discovery request tailored to his own situation.

Finally, plaintiff asks for a copy of correctional officers' "professional rules of conduct." Defendants state that "it is clear from the request that the plaintiff did not ask for 'rules of conduct.'" This is incorrect. Although plaintiff's original request is difficult to find in the document because of the way it is spaced and confusing numbering,[2] he did make the request, so I will give defendants a short time to amend their response to this part of plaintiff's motion to compel.

ORDER

IT IS ORDERED that plaintiff's motion to compel discovery, dkt. 24, is DENIED in all respects except for his request for correctional officers' "professional rules of conduct."

---

[2] The request for rules of conduct is tacked onto the end of his request #2 and plaintiff numbers both the request for rules of conduct and his next request #3, so it is easy to see how it got lost in the shuffle.

Defendants may have until November 6, 2013 to amend their response to this portion of plaintiff's motion.

Entered this 30th day of October, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge