IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

IVAN JOHNSON,

                          Plaintiff,

v.

ROBERT TUCKWELL, *et al.*,

                          Defendants.

ORDER

12-cv-891-bbc
_____

      Plaintiff Ivan Johnson is proceeding on his claim that defendants refused to provide him with a special diet or adequate nutrition in violation of the Eighth Amendment. In an October 30, 2013 order, I largely denied a motion to compel discovery filed by plaintiff. Now before the court is another motion to compel filed by plaintiff. I am denying plaintiff's motion with one exception. I address each disputed interrogatory below.

      Interrogatory #3: Plaintiff asked if defendant Dr. Sumnicht approved plaintiff's "bland" diet following a University of Wisconsin Hospital consult on November 14, 2010. Dr. Sumnicht responded that plaintiff was placed on a "pureed" diet. Defendants argue that Sumnicht was being "helpful" by clarifying that plaintiff was not on a bland diet and thus Dr. Sumnicht could not have ordered it. Plaintiff complains that this response is that it doesn't answer the heart of his question, which is whether Dr. Sumnicht approved the diet that plaintiff received following the November 14, 2010 consult. Plaintiff is correct. Accordingly, defendants must amend their response to this question, answering "yes" or "no" whether Dr. Sumnicht approved the diet in question. They are free to elaborate on their yes or no answer if they feel that a one-word answer does not adequately convey an accurate response.

Interrogatory #4: Plaintiff asked whether Dr. Sumnicht approved or disapproved all outside recommendations. Plaintiff again objects to Dr. Sumnicht's more roundabout answer, but as defendants concede, the answer is "yes," so there is nothing more to compel.

Interrogatory #9: Plaintiff asked whether any of the defendants recalled plaintiff telling them that he had to take his medication with food. Defendant Lind answered that there was no reason for plaintiff to tell her that because bedtime medication is given with crackers. Plaintiff seeks a yes / no answer. Defendants state that is answer is intended to be No, so plaintiff can take it as such.

Interrogatory #12: Plaintiff asked whether all inmates are prescribed a pureed diet following nissen fundoplication surgery. Defendants responded by saying that each patient is treated individually. Plaintiff wants a yes or no answer, but as defendants point out, their answers amount to No. There is no need to compel further answers.

Interrogatory #14: Plaintiff conceded that defendants have given him yes or no responses to the question whether they knew his diet deprived him of nutrition, but he seeks to strike the rest of their response. There is no reason to do so. Plaintiff is free to take or leave the additional responses as he wishes.

Interrogatory #16: Plaintiff again seeks yes / no answers to his question whether defendants notified staff administering medication that they must be taken with food. Defendants' responses all amount to No, so there is no need to compel further discovery.

Interrogatory #18: Plaintiff seeks a yes / no from defendant Lind about whether she served food to plaintiff every time she passed out his medication. Lind responds by generally stating that food is only served with the bedtime medications because the morning, noon and night medications

are given during meal times. She states also that she does not recall each specific occasion regarding plaintiff. These are appropriate responses to the question.

Interrogatory #20: Plaintiff seeks a response to his question of why defendants never responded to plaintiff after he notified them in writing about "food and pain." Defendants object on vagueness grounds and state that plaintiff does not provide the dates of his complaints. Plaintiff states that "it was stipulated" that the dates in question were November 14-18, 2010, but he does not provide any explanation of why this is so—it is not apparent from the materials the parties have submitted. Accordingly, the court will not compel defendants to respond to such a vague question.

Interrogatory #23: Plaintiff seeks to strike defendants' responses to his question about the protocol that is followed when an inmate states he has a problem with his diet. Defendants generally explained that there is no set protocol, but went on to describe what they would do in such a situation. There is no reason to strike these answers; defendants have answered the question as best they can.

ORDER

IT IS ORDERED that plaintiff's motion to compel discovery, dkt. 39, is DENIED in all respects except for his request regarding interrogatory #3. Defendants may have until January 30, 2014 to amend their response to this portion of plaintiff's motion.

Entered this 22nd day of January, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3