IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IVAN JOHNSON,

                                                        OPINION and ORDER

                Plaintiff,

                                                        12-cv-891-bbc

      v.

ROBERT TUCKWELL, PAUL SUMNICHT,
BELINDA SCHRUBBE, CHARLENE REITZ,
JEREMY STANIEC, BENJAMIN HILBERT,
DANIEL BRAEMER, BONNIE LIND,
JERRICA EAGER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Ivan Johnson is proceeding on a claim that various prison staff members at the Waupun Correctional Institution violated his Eighth Amendment rights by disregarding hospital discharge instructions to provide him a "special pureed diet" in November 2010 after stomach surgery. Several days later, plaintiff was returned to the emergency room after he reported rectal bleeding and vomiting.

      Defendants have filed a motion for summary judgment, dkt. #42, which is ready for review. For reasons they do not explain, defendants did not file a reply brief or a response to plaintiff's proposed findings of fact, so they have forfeited any objections to plaintiff's filings.

      I am granting defendants' motion as to defendants Robert Tuckwell and Daniel

Braemer because plaintiff did not submit any proposed findings of fact or cite any evidence regarding those defendants' involvement in failing to provide him a special diet. I am denying defendants' motion as to the remaining defendants because there are disputed facts related to the arguments defendants raised in their motion.

OPINION

Regardless whether plaintiff's claim is viewed as a failure to provide medical care or a failure to provide adequate food, the question is the same, which is whether defendants were "deliberately indifferent" to plaintiff's health or safety. Prude v. Clarke, 675 F.3d 732, 734 (7th Cir. 2012); King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012). "Deliberate indifference" means that the defendant was aware of the risk to the prisoner's health or safety, but he consciously failed to take reasonable measures to help the prisoner. Farmer v. Brennan, 511 U.S. 825, 842 (1994).

For the purpose of their summary judgment motion, defendants do not deny that plaintiff had a serious medical need for the pureed diet, that he did not receive the diet and that he was harmed by not receiving the diet, so I do not consider those issues. Cloe v. City of Indianapolis, 712 F.3d 1171, 1182 (7th Cir. 2013) ("As a general matter, if the moving party does not raise an issue in support of its motion for summary judgment, the nonmoving party is not required to present evidence on that point, and the district court should not rely on that ground in its decision."). Rather, defendants argue that they did not know plaintiff was not receiving the diet, that they took reasonable measures to help plaintiff or that they

2

were not personally involved in choosing the food he received. In addition, they argue that they are entitled to qualified immunity.

As an initial matter, I note that defendants' submissions address a lengthy span of time, but plaintiff's complaint focuses on defendants' alleged failure to act from November 14 to November 18, 2010. Accordingly, I have limited my review to defendants' actions during that time. In addition, I have not considered allegations plaintiff made in his summary judgment materials that relate to issues not raised in the complaint or against staff members not named as defendants.

## A. Paul Sumnicht

Defendant Sumnicht was a physician at the prison. On November 15, 2010, Sumnicht reviewed plaintiff's discharge instructions from the previous day. Although he approved the instructions regarding pain medication, he said nothing in his order regarding the special diet.

Defendants argue that Sumnicht cannot be held liable because he was not aware that plaintiff was not receiving his special diet. However, Sumnicht does not deny that he was aware that a special diet was part of plaintiff's discharge instructions and he does not suggest that it was someone else's responsibility to approve the special diet. In addition, plaintiff says he wrote defendant Sumnicht on both November 15 and 17, 2010, that he was not getting his special diet, but Sumnicht did not respond. From that evidence, a reasonable jury could infer that Sumnicht knew that plaintiff was not getting the diet he needed. Although

it may be that any failure by Sumnicht to approve plaintiff's diet was negligent rather than intentional or reckless, in the absence of additional testimony from Sumnicht explaining his actions, it is impossible to draw that inference.

Alternatively, Sumnicht makes a conclusory assertion that his "decisions concerning Mr. Johnson's health care were made as a matter of my professional medical judgment in light of the information available to me at the time." Sumnicht Aff. ¶ 34, dkt. #47. However, he does not suggest that he had any medical basis for declining to approve the special diet, so I cannot grant summary judgment to him on that ground. King, 608 F.3d at 1018 (deliberate indifference may be inferred when medical professional did not use medical judgment in making decision).

### B.  Charlene Reitz

Defendant Charlene Reitz was a nurse at the prison. On November 15, 2010, plaintiff says that he complained to Reitz that he had not been given dinner the previous evening and that he had not received any breakfast that morning. In response, Reitz told plaintiff to "be patient" and she gave him his pain medication, even though he was supposed to take his medication with food.

Reitz prepared a "modified diet order" in which she checked the box for "Bland Diet." In her declaration, Reitz says that she "effectively order[ed]" a pureed diet for plaintiff, dkt. #52, ¶ 8, but she does not explain what that means. The copy of the order that appears in the record includes handwriting next to "Bland Diet" that states, "Puree—see enclosed diet

instructions—no . . . citrus or acid foods as tomatoes." Dkt. #47-1. However, plaintiff says that the handwritten language did not appear until November 23, 2010 and he cites as evidence a notation at the bottom of the document that states, "MFD'd Wilson, Amy 11-23-10." (Plaintiff says that Reitz did not send the hospital instructions with her order. Plt.'s PFOF ¶ 70, dkt. #59.) Plaintiff says that a "bland diet" is not a special diet at all, but simply requires the prisoner to "self select" portions off the regular meal tray that the prisoner believes he can eat. Again, because defendants did not object to any of plaintiff's proposed findings of fact or otherwise respond to them, I must treat plaintiff's allegations as true for the purpose of summary judgment.

Defendants' only argument related to Reitz is that she cannot be held liable for violating plaintiff's rights because she instructed food services to provide plaintiff a pureed diet. Because that issue is disputed by plaintiff, I cannot grant summary judgment to defendant Reitz on that ground.

### C. Belinda Schrubbe

Defendant Schrubbe is a nurse and the health services unit manager at the prison. Plaintiff wrote Schrubbe three times between the time he was discharged from the hospital and November 18, 2010. First, in a health services request dated November 15, 2010, plaintiff complained that he had not received his special diet or any other food since the previous day. He noted that he was supposed to take his medication with food and "this has been a really painful experience." Dkt. #60-6, exh. 237. In a second health service request

dated the same day, plaintiff complained that he was "having to constantly beg for food." Dkt. #53-1, exh. 102. In a third health service request dated November 17, 2010, plaintiff complained that he still was not getting his special diet, so he had "not been eating and will not." Dkt. #53-2, exh. 103. In a response dated December 2, 2010, Schrubbe wrote that plaintiff's complaint had been addressed with kitchen staff. Id.

In their brief, defendants' only argument as to Schrubbe is that she responded to plaintiff's complaints on December 2. However, Schrubbe does not that she received plaintiff's complaints when plaintiff sent them and she does not give any reason for failing to respond sooner. In her affidavit, Schrubbe says that she does "not have the authority to override or alter orders issued by other health care professionals, nor do I have the ability to write prescriptions or refer inmates to outside specialists." Schrubbe Aff., dkt. #53, at ¶ 8. However, the relevance of this statement is unclear because there is no suggestion that Schrubbe would have needed to "override" another health professional's order, write a prescription or refer plaintiff to a specialist. Rather, plaintiff simply was asking that staff follow the medical orders he already had.

Again, a more developed record could show that Schrubbe was unaware of plaintiff's problem until it was too late or that any failure by Schrubbe to respond was negligence at most. As it stands now, however, a reasonable jury could find that Schrubbe knew that plaintiff was not getting his diet and failed to respond reasonably. Accordingly, I am denying defendants' summary judgment as to defendant Schrubbe.

### D.  Correctional Officers

Defendants Bonnie Lind, Jerrica Eager, Jeremy Staniec and Benjamin Hilbert were correctional officers at the prison. Plaintiff says that, at various time between November 15 and 18, 2010, he told each of these defendants that he was supposed to be on a pureed diet and that he had not eaten since lunch on November 14.  In addition, he told Lind and Hilbert when they gave him his medication that he was supposed to take the medication with food.  Plaintiff says that each of them told him to write health services or food services, but they did not take any action to provide his special diet.

Defendants do not argue that their alleged responses were reasonable or that there was nothing else they could do to help plaintiff.  Rather, they say that they were not working on some of the days at issue and they do not remember speaking with plaintiff on the days that they were working.  Because I must accept plaintiff's version of events as true at this stage, Bombaci v. Journal Community Public Group, Inc., 482 F.3d 979, 986 (7th Cir. 2007), I cannot grant summary judgment to Eager, Lind, Staniec or Hilbert on the ground that the exchanges did not happen.

### E.  Daniel Braemer and Robert Tuckwell

Defendant Braemer is a correctional officer.  Defendant Tuckwell is the food service administrator.  Plaintiff says nothing about Braemer in his brief or his proposed findings of fact except to identify Braemer's job title, so I am granting defendants' summary judgment motion as to Braemer.

Plaintiff's only mention of Tuckwell in his proposed findings of fact other than Tuckwell's job title is that Tuckwell was interviewed in connection with a grievance plaintiff filed. Plt.'s PFOF ¶ 35, dkt. #59.  However, plaintiff does not describe the content of the interview or include a citation to the record where the interview may be found, so I cannot consider it.  In his proposed finding of fact of no. 84, plaintiff cites an affidavit of another prisoner who describes problems with the food services department, but plaintiff does not tie any of those alleged problems to the events in this case, so he cannot rely on that affidavit to prove his claim.

More fundamentally, plaintiff does not explain how Tuckwell could be at fault for what happened.  Under plaintiff's own version of the story, the diet other prison staff ordered for him was nothing more than a "self select" diet that would not have required food services staff to change anything, so it is not clear how Tuckwell would have known to provide something different.  This seems consistent with a memorandum that Tuckwell wrote plaintiff in February 2012 in which Tuckwell states that he simply followed the instructions he received from other staff.  Dkt. #51-2, exh. 106.

In his brief, plaintiff says that he wrote Tuckwell, but he does not cite any evidence to support that allegation, not even his own declaration.  Even if I considered plaintiff's discussion in his brief as evidence, plaintiff does not describe the content of the letter or identify when he wrote it, so it cannot be inferred reasonably that Tuckwell knew that plaintiff had a serious medical need for a pureed diet.  Accordingly, I am granting defendants' motion for summary judgment as to Tuckwell.

F.  Qualified Immunity

Under the doctrine of qualified immunity, public officials may not be sued for money damages for constitutional violations unless they violated clearly established law.  Stanton v. Sims, 134 S. Ct. 3, 4-5 (2013).  The end of defendants' brief is devoted to this issue, but defendants' "argument" consists of nothing but four pages of boilerplate, followed by a conclusion that they are entitled to the defense.

The Court of Appeals for the Seventh Circuit has stated that the merits of an Eighth Amendment claim and qualified immunity "effectively collapse into one" question in many circumstances.  Walker v. Benjamin, 293 F.3d 1030, 1037 (7th Cir. 2002).  Because the legal standard for an Eighth Amendment medical care claim has been clearly established for many years and the disputes raised in such claims largely are factual rather than legal, "[i]f there are genuine issues of fact concerning th[e] elements [of the claim], a defendant may not avoid trial on the grounds of qualified immunity." Id.  See also  Hayes v. Snyder, 546 F.3d 516, 528 (7th Cir. 2008) ("It has been established for decades that prison physicians violate inmates' constitutional rights when they deliberately disregard an inmate's serious medical condition, and only a trial can resolve the facts that are in dispute.").   Because defendants do not identify any reason for departing from that general rule in this case, I decline to dismiss plaintiff's claims against defendants Sumnicht, Reitz, Schrubbe, Staniec, Hilbert, Lind and Eager on qualified immunity grounds.

9

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Robert Tuckwell, Paul Sumnicht, Belinda Schrubbe, Charlene Reitz, Jeremy Staniec, Benjamin Hilbert, Daniel Braemer, Bonnie Lind and Jerrica Eager, dkt. #42, is GRANTED as to defendants Braemer and Tuckwell and the complaint is DISMISSED as to those defendants. Defendants' motion is DENIED as to all other defendants.

Entered this 29th day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge