IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IVAN JOHNSON,

                Plaintiff,

v.

PAUL SUMNICHT, BELINDA SCHRUBBE,
CHARLENE REITZ, JEREMY STANIEC,
BENJAMIN HILBERT, BONNIE LIND
and JERRICA EAGER,

                Defendants.

ORDER

12-cv-891-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Ivan Johnson is proceeding to trial on claims that various prison officials violated the Eighth Amendment by failing to give him a pureed diet after he had stomach surgery. In an order dated June 4, 2014, I stayed the case after granting plaintiff's motion for assistance in recruiting counsel.

      Tom Heneghan of the law firm Whyte Hirschboeck Dudek S.C. has agreed to represent plaintiff, with the understanding that he will serve with no guarantee of compensation for his services. It is this court's intention that the scope of representation extends to proceedings in this court only. "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a Notice of Appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

1

Additionally, the court intends the scope of representation to be limited to litigating plaintiff's current claims at trial. It will be unnecessary for counsel to file an amended complaint or otherwise relitigate matters already completed, although the court may be inclined to grant a limited extension of time for further discovery needed to try plaintiff's current claims, depending on the nature of the request.

Plaintiff should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with counsel and permit him to exercise his professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them. If plaintiff decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit a second set of lawyers to represent him.

ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in this lawsuit.

Entered this 20th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge